UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STEVEN VINCENT SANN,**<br><br>Debtor.<br><br>**Christy L. Brandon**,<br><br>Plaintiff.<br><br>-vs-<br><br>**Bibliologic, Ltd.**, **Terry D. Lane**, **Nathan M. Sann**, **Rachel M. Pheffer**, **Nathan Michael Sann**, **Brett George**, and **Sann, LLC**,<br><br>Defendants. | Case No. **14-61370-7**<br><br><br><br>Adv No. **15-00024** |

## MEMORANDUM OF DECISION

At Butte in said District this 20th day of October, 2015.

Pending in this adversary proceeding are: Plaintiff's motion for partial summary judgment on Count I of her complaint re: Unauthorized Post-Petition Transfer of Gold and Silver (Document No. 5), and the objection thereto and cross-motion for partial summary judgment on Count I filed by Defendant Bibliologic, Ltd. ("Bibliologic") (Doc. 13). Both parties filed statements of uncontroverted facts and briefs in support of their respective motions, and both filed statements of genuine issues and responses in opposition to the other's motion. After review of both motions, responses, and the record, both motions for partial summary judgment will be denied because both sides failed to show there are no genuine issues of material fact.

1

This Court has jurisdiction of the above-captioned Chapter 7 case under 28 U.S.C. § 1334(a), and the above-captioned adversary proceeding is related to the Chapter 7 case under 28 U.S.C. § 1334(b). Plaintiff and Bibliologic agree that this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

## FACTS and PROCEDURAL HISTORY

The Debtor Steven Vincent Sann ("Sann" or "Debtor") filed a voluntary Chapter 11 petition on September 29, 2014. The case was converted to a case under Chapter 7 by Order entered on April 29, 2015. Christy L. Brandon was appointed as Trustee on April 30, 2015.

Plaintiff initiated this adversary proceeding by filing a complaint on August 3, 2015. The complaint avers ten (10) claims for relief seeking to recover transfers of gold, silver, cash, and real property to Defendants under various theories including recovery of unauthorized post-petition transfers, fraudulent transfers, turnover of estate property, and reverse piercing/alter ego. Count I of the complaint seeks to avoid as post-petition transfers the Debtor's transfer of more than $1.3 million in gold and silver under 11 U.S.C. § 549(a), and seeks recovery of the gold and silver or its value to the Trustee under 11 U.S.C. § 550(a).

Before any answers were filed, Plaintiff filed on August 10, 2015, her motion (Document No. 5) for partial summary judgment on Count I against Defendant Bibliologic to recover and avoid post-petition transfers by the Debtor of gold and silver coins to Bibliologic, based upon § 549(a) and § 550(a). Plaintiff filed her Statement of Uncontroverted Facts ("SOUF") and supporting exhibits, including excerpts of the 11 U.S.C. § 341(a) meeting of creditors and deposition of Bibliologic's president Sid Graef.

Plaintiff's SOUF (Doc. 6) lists at pages 2-3 seven (7) purported uncontroverted facts

2

alleging that the Debtor delivered $1,367,940.79 worth of gold and silver coins to Bibliologic, after the date the Debtor filed his bankruptcy petition, in January or February of 2015, according to Sid Graef's deposition testimony on behalf of Bibliologic.

On September 3, 2015, Bibliologic filed its answer denying any liability, and filed its brief in opposition to Plaintiff's motion for summary judgment and its cross motion for summary judgment on Count I, a supporting brief, and its own SOUF combined in the same document (Doc. 15) with a statement of genuine issues[1] in opposition to the Plaintiff's motion for partial summary judgment. The essential relevant facts in Bibliologic's SOUF allege that the Sann donated gold and silver coins to Bibliologic, a 501(c)(3) nonprofit religious organization, on three occasions in 2011, and that the gold and silver coins were moved to the home of a board member of Bibliologic named Arnie Sherman ("Sherman") in 2011. When Sherman resigned from Bibliologic's board, according to Bibliologic's SOUF, the gold and silver were moved to a safe belonging to Sann's non-debtor spouse Terry Sann, which is a different safe than Debtor's safe and to which the Debtor did not have the combination or control, until Sid Graef moved the gold and silver to a new secure location. Bibliologic's SOUF (Doc. 15) is accompanied by exhibits including Bibliologic's Charitable Trust Agreement with Sann dated 2011, and affidavits of Sid Graef, Sherman, and Greg Lane.

## DISCUSSION

### I. Summary Judgment Standards.

Summary judgment is governed by F.R.B.P. 7056. Rule 7056, incorporating Rule 56(c),

---

[1]Bibliologic's SOUF lists 19 alleged facts, which Doc. 15 titles both a statement of uncontroverted facts and a seemingly contradictory statement of genuine issues.

3

Fed. R. Civ. P., states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (*quoting In re Aquaslide "N" Dive Corp.*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains in dispute."  *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir.1985).  That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty* U.S. 242, 247-48, 106 *Lobby, Inc.* (1986).  Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence.  *Aquaslide*, 85 B.R. at 547.

   The moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986).

   If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied.  *T.W. Elec.*

*Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631.

### II. § 549(a).

The pending cross-motions for summary judgment both are based on Count I of the complaint. Count I is based upon § 549(a) ("Postpetition transactions"), which provides in pertinent part:

> (a) Except as provided in subsection (b) or (c)[2] of this section, the trustee may avoid a transfer of property of the estate—
>
> (1) that occurs after the commencement of the case; and
>
> * * * *
>
> (2)(B) that is not authorized under this title or by the court.

To establish a prima facie case under § 549(a), the Trustee must prove that there was: (1) a transfer; (2) of estate property; (3) that occurred after commencement of the case; and that (4) was unauthorized by the bankruptcy code or the court. *Fursman v. Ulrich (In re First Prot., Inc.)*, 440 B.R. 821, 827–828 (9th Cir. BAP 2010). To the extent a transfer is avoided under § 549, a trustee may recover for the benefit of the estate the property transferred, or the value of such property, from the initial transferee or any subsequent transferee. § 550(a). *Id.* at 828.

---

[2]Subsections (b) and (c) are inapplicable.

Under F.R.B.P. Rule 6001, the entity asserting the validity of a transfer under § 549 has the ultimate burden of proof, which in the instant case is Bibliologic. *Fursman*, 440 B.R. at 828.

Applying the above standards in the instant case, the Court notes that the cross-motions and briefs disagree on the date when the transfers of the gold and silver coins from Sann to Bibliologic became final. Plaintiff contends that its SOUF establishes that the transfers were not completed until after the date Sann filed his bankruptcy petition, in January or February of 2015. Bibliologic contends that Sann made three donations of gold and silver coins to Bibliologic in 2011, after which Sann no longer had any interest in or control over the gold and silver. Bibliologic argues that when the gold and silver coins were moved to Terry Sann's safe after Sherman resigned, Debtor did not have the combination to Terry Sann's safe. Because the second and third elements under § 549(a) involve whether transfers were of estate property that occurred after commencement of the case, these disputes of fact regarding the date the transfers became final are material to Count I.

Plaintiff argues that Bibliologic cannot create a genuine issue of material fact by offering affidavits of Sid Graef, Sherman and Greg Lane, because Sid Graef changed his testimony from what he testified as a designated representative of Bibliologic and the other affiants lack foundation to testify as to material fact. A trial court "is not to make credibility determinations when making or denying summary judgment." *In re Wank*, 505 B.R. 878, 892 n.18 (9th Cir. BAP 2014), quoting *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). While there may be contradictory testimony by a witness, as Plaintiff's brief recognizes that exposes a witness to impeachment at trial.

This Court concludes that the genuine issues of material fact regarding the date the

6

transfers of gold and silver coins from Sann to Bibliologic became final, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence, with respect to both cross-motions for summary judgment. *T.W. Elec. Serv.*, 809 F.2d at 631. As the Court noted above, if a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587. Having concluded that both sides failed to satisfy their respective burdens to show absence of genuine issue of material fact on when the transfers of gold and silver coins from Sann to Bibliologic became final, and whether the gold and silver coins are property of the estate, summary judgment will be denied as to both cross-motions for summary judgment and the issues under § 549(a) can be decided after a trial.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. § 1334(b) as this adversary proceeding is arising in and related to the above-captioned Chapter 7 bankruptcy case.

2. This adversary proceeding to recover property and avoid post-petition transactions is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Plaintiff and Defendant Bibliologic each failed their respective burden for summary judgment to show that there are no genuine issues of material fact with respect to whether the transfers of gold and silver coins occurred after the commencement of the case under 11 U.S.C. § 549(a).

**IT IS ORDERED** a separate Order shall be entered denying the Plaintiff's motion for

partial summary judgment re: Unauthorized Post-Petition Transfer of Gold and Silver (Doc. 5); and denying the cross-motion for partial summary judgment filed by Defendant Bibliologic, Ltd. (Doc. 13).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge